Mildred M. Matesich, Public Defender Service, Washington D. C., for appellant.

Ted P. Gerarden, Asst. Corp. Counsel, Washington D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington D. C., were on the brief, for appellee.

**In the Matter of C. G. S., Appellant.**

**No. 11098.**

District of Columbia Court of Appeals.

Argued April 13, 1977.

Decided May 3, 1977.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

The appellant has been adjudged in need of supervision (D.C.Code 1973, §§ 16–2301(8)(A)(iii),(B)). Not all the facts alleged in the petition were proved. Eighty-two days of alleged truancy failed of proof, as did two alleged incidents of beating his younger brother. The only incidents proved were two threats (nine days apart) to harm his mother. Although those instances were alleged to have happened some five months before the petition was filed, the testimony of the mother—the only witness—revealed that they occurred exactly one year earlier. An amendment of the petition to conform to the proof was permitted. While the above provision of Title 16 defines a child in need of supervision as one who "is habitually disobedient of the reasonable and lawful commands of his parent . . . and is ungovernable", the petition did not allege that the basis for adjudication was habitual and that the child was ungovernable. It is conceded that the petition is flawed in this respect.

While there may be merit to appellant's contention that the present tense context of the child-in-need-of-supervision provision precludes such an adjudication on but two instances of threats to a parent many months earlier, we need not decide that here. The formal deficiencies in the petition are sufficient on which to hold that the adjudication cannot stand.

It must be recognized, however, that this is not a criminal proceeding where fatal deficiencies result in outright reversal or dismissal. The social and domestic goals of the statute dictate against such automatic results and the irrational consequences flowing from a forced reunion in what was an apparently deteriorated family structure. Appellant has been committed to an institution since the adjudication and hopefully he and society have benefited from the rehabilitation efforts. On the other hand, it may be totally inappropriate to discharge appellant. He may be on the threshold of adjustment or he still may be a foreseeable point of friction in his family and in the community. Therefore, we think it appropriate to search for and utilize a more flexible and imaginative disposition than outright reversal. We have authority to do so under D.C.Code 1973, § 17–306, which permits this court to "remand the cause and . . . require such further proceedings to be had, as is just in the circumstances." Accordingly, we deem it appropriate that some time be given for a determination to be made whether constructive steps properly can be taken for the benefit of the child, his family, and the community. Thirty days will be sufficient. If within that time further proceedings are begun, the instant adjudication shall be vacated. If further proceedings are not deemed warranted, the adjudication shall be vacated no later than thirty days from the date of this opinion.

The case is remanded for further proceedings.* The Clerk is directed forthwith to transmit a certified copy of this opinion in lieu of mandate.

*So Ordered.*

---

* We note that at oral argument appellant's counsel commendably acknowledged that this disposition is in the best interest of all.